618 A.2d 935

FLAVIO KOMUVES, PLAINTIFF, v. MEMBERS OF "TAXPAYERS
AGAINST CHANGE IN GOVERNMENT COMMITTEE",
DEFENDANTS.

Superior Court of New Jersey
Law Division Ocean County

Decided October 26, 1992.

*Flavio Komuves,* plaintiff *pro se.*

*Harvey L. York, pro se.*

*Robert P. Santangelo, pro se.*

PISCAL, J.S.C.

Plaintiff seeks an order requiring the Taxpayers Opposing Change of Government Committee, an unincorporated association, to place the name and address of an individual member of the committee on each sign, leaflet or advertisement distributed by the committee and to enjoin the committee from the distribution of said materials which do not contain the name and address of an individual member of the committee.

The caption has been amended to conform to *Rule* 1:4–1 of the New Jersey Court Rules. The plaintiff, a registered voter in Dover Township, Ocean County, New Jersey, filed an order to show cause seeking to enjoin a committee known as the Taxpayers Opposing Change of Government Committee (hereinafter "TOC Committee") from further distribution of leaflets, and displaying of signs and advertisements in Dover Township.

The TOC Committee is a volunteer association which has taken a position in opposition to a local ballot question. The question will be on the ballot in the upcoming general election. The question relates to a change in the form of government from a Mayor and Counsel form to a "ward" system. The TOC Committee's principal members were made known through

press accounts in the local newspapers, apparently the result of a called "press conference." *See, Lawyer Leads Fight to Keep Dover Government,* Ocean County Observer, Oct. 20, 1992 at A-1, col. 5-6; *Lawyer Leads Opponents of Dover Government Change,* Asbury Park Press, Oct. 22, 1992 at c-5, col. 1-6.

The TOC Committee placed signs in public places throughout Dover Township. Similarly, the TOC Committee prepared and distributed to voters in Dover Township written materials, and placed advertisements in the local newspapers. On the bottom of each sign was printed, "Paid for by Taxpayers Opposing Change of Government, Toms River, NJ 08753."

The court finds the following questions presented by this case: (1) Does the petitioner have standing to object to the TOC Committee's action? and (2) Whether the aforesaid signs, leaflets and advertisements are in violation of New Jersey Statute Annotated 19:34-38.1 and/or New Jersey Statute Annotated 19:34-38.3? First, I find that petitioner has standing and, second, I find that the TOC Committee was in technical violation of *N.J.S.A.* 19:34-38.1 and *N.J.S.A.* 19:34-38.3.

■ First, petitioner has standing to object to the TOC Committee's actions. In order to have standing an individual must prove; (1) he or she has a sufficient stake and a real adverseness with respect to the litigation and (2) that there is a substantial likelihood some harm will occur in the event of an unfavorable decision. *New Jersey State Chamber of Commerce v. New Jersey Election Law Enforcement Commission,* 82 *N.J.* 57, 67, 411 *A.*2d 168 (1980).

■ Petitioner has a sufficient stake and a real adverseness with respect to the outcome of the proceeding because petitioner is a registered voter in Dover Township. As a registered voter in Dover Township petitioner has the right to information regarding the questions presented on the ballot. Any information about who is printing and distributing materials in the area regarding the public question is relevant to the decision making process of the voters. In our form of government, where the

power of the people is exercised for the people through their selected representatives it is axiomatic that a fully informed electorate is better able to exercise their duties.

In addition to the aforesaid considerations governing standing to sue, an individual's particular interest in the litigation need not be the sole determinant. An individual's interest may be accorded proportionately less significance where it coincides with a strong public interest. *N.J. Chamb. Commerce v. N.J. Election Law Enforcement Comm.*, 82 *N.J.* 57, 68, 411 *A.*2d 168 (1980); citing *Elizabeth Federal Savings & Loan Association v. Howell*, 24 *N.J.* 488, 499, 132 *A.*2d 779 (1957). Here, there is a strong public policy in keeping the voters informed regarding questions to be put on the ballot during an election. For the aforementioned reasons, I hold that petitioner had standing to challenge the actions of the TOC Committee.

■ Regarding the alleged violations, I find that *N.J.S.A.* 19:34–38.1 and *N.J.S.A.* 19:34–38.3 were both technically violated by the materials distributed by the TOC Committee.

Accordingly, the relevant portion of *N.J.S.A.* 19:34–38.1 provides that;

[n]o person shall print, copy, publish, exhibit, distribute ... any circular, handbill, card, pamphlet, statement, advertisement, or other printed matter having reference to ... the adoption or rejection of any public question at any general ... election unless such ... printed matter shall bear upon its face a statement of the name and address of the person or persons causing the same to be printed, copied or published or of the name and address of the person or persons by whom cost of the printing, copying, or publishing thereof has been or is to be defrayed....

The relevant portion of the *N.J.S.A.* 19:34–38.3 provides that;

[i]n the event that any such circular, handbill, card, pamphlet, statement, advertisement or other printed matter ... is ... distributed or the cost thereof is hereafter defrayed by an association, ... the name and address of the association ... shall be used in compliance with the provisions of this act with the name of at least one person by whose authority, acting for such association such action is taken.

To determine this issue one must find the intent of the Legislature in passing the aforesaid statutes. There is no legislative history annotated to the statutes. The parties made

no attempt to prove the legislative intent. A call to the state law library in Trenton provided no guidance as to any legislative history.

By applying rules of statutory construction, it is apparent that the Legislature intended to ensure that some person would be responsible for the materials and their content, as opposed to an organization or an unincorporated association.[1] This would have the salutary effect of providing some person or persons to be amenable to suit and restraint in the event that the content of the materials is slanderous; or if irregularities exist in the form of the materials, such as suggested here; or to be made responsible to clean up and take down any materials after the election.

Moreover, it assists in identifying the real parties in interest on an issue, as opposed to an anonymous committee such as we have here. This is information each voter may utilize to enable them to make intelligent decisions in the voting booth. I find that under these particular circumstances there was no intent to evade the scrutiny of the voting public. In fact, each of the principals in the organization revealed their names, occupations and addresses to the press.[2] Further there was a picture provided to the newspaper, unless the individual was prominent enough to have a "file photo." Thus as illustrated, these people did not seek anonymity, they sought to publicize themselves and their position regarding the public question.

Although there was no intent to violate the aforesaid law, a technical violation does exist. Accordingly, I gave the individuals served with the order to show cause time to bring all

---

[1] If language is plain and unambiguous it must be given effect. *Newhall v. Sanger*, 92 *U.S.* 761, 23 *L.Ed.* 769 (1875); Black, *Construction and Interpretation of Laws*, s. 51 (2d Ed.1911); 59 C.J. Statutes s. 569 (1932); Llewellyn, *From The Common Law Tradition*, (Little, Brown & Co.1960).

[2] Several of the attorneys and businessmen whose names appeared in the article are listed in the phone book.

materials into compliance (they can remove signs or place a proper name and address on any existing signs). I find that no mailings or distributions of materials shall proceed without bringing said materials into compliance.